UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEREMIAH M. FERGUSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civil No. 05-179-B-H |
| | ) |
| MAINE REVENUE SERVICES, | ) |
| | ) |
| | ) |
| Defendant | ) |

*Recommended Decision on Motion to Dismiss*

Jeremiah Ferguson has filed a pro se complaint seeking an injunction against the enforcement of 36 M.R.S.A. § 1765 and monetary damages of $ 42.50.[1]  He explains that he purchased a car from a dealer for $11,200 in July 2005 and then sold his own car for $850.  When he registered his new vehicle he was denied a $42.50 credit for his tax paid on the old vehicle, a credit that he would have received had he traded the car in with the dealer.  Because this complaint fails to state an actionable 42 U.S.C. § 1983 claim, I recommend that the Court grant the motion to dismiss.

*Discussion*

Section 1765 of title 36 of the Maine Revised Statutes Annotated provides that when certain personal property, including a motor vehicle,

> is traded in toward the sale price of another of the same kind of the
> following items, the tax imposed by [Maine law] shall be levied only upon
> the difference between the sale price of the purchased property and the
> trade-in allowance of the property taken in trade....

---

[1] Ferguson has also filed an additional pleading demanding $1000 damages.  (Docket No. 15.)

36 M.R.S.A. § 1765.  Ferguson believes that this policy, which does not provide for a similar treatment of vehicle owners who sell their previous vehicle directly, violates his right to equal protection under the Fourteenth Amendment of the United States Constitution.

In its motion to dismiss the Maine Revenue Service argues for dismissal on three grounds: this court lacks subject matter jurisdiction over the case in view of the state's sovereign immunity; this court lacks subject matter jurisdiction over the state tax matters in view of the Federal Tax Injunction Act of 1937; and Ferguson has failed to state a claim upon which relief can be granted. (Mot. Dismiss at 1.)

As to the third ground for dismissal the defendant argues:

> Mr. Ferguson's allegations can at most be construed to allege a claim that he was denied equal protection under the law.
>> Typically, a law will withstand an equal protection challenge if it bears a rational relationship to a legitimate governmental end. This level of scrutiny intensifies, however, if the law infringes a fundamental right or involves a suspect classification.
>
> Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000)(citations omitted). Because Mr. Ferguson does not allege a violation of a fundamental right, or that he is a member of any protected class or group, his challenge is subject to a rationality review. Id.
>> Rationality review in equal protection cases is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. Rather, an inquiring court must ask whether there is a rational relationship between the disparity of treatment and some legitimate governmental purpose. If any reasonably conceivable state of facts that could provide a rational basis for the classification exists, the classification must be upheld. . . a person who challenges the rationality of a statute must negate every plausible basis that conceivably might support it.
>
> Id. at 43-44 (citations omitted). In making such an inquiry, any plausible justification will suffice, and effectively ends the analysis. Starlight Sugar, Inc. v. Soto, 253 F.3d 137, 145 (1st Cir. 2001), citing FCC v. Beach Communications, Inc., 508 U.S. 307, 313-14 (1993).

> Discussing equal protection challenges to tax provisions, the Supreme Court has stated:
>> The Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference in treatment is an invidious discrimination. Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation.
>
> Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359 (1973)(citations omitted). "[I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification." Id. at 364, quoting Madden v. Kentucky, 309 U.S. 83, 88 (1940)(Upholding state ad valorem tax of 50 cents per $100 on deposits in banks outside the State and only 10 cents per $1,000 on deposits within the State).
>> There is a presumption of constitutionality which can be overcome "only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. . . The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it."
>
> Id.

(Mot. Dismiss at 10-11)(footnote omitted). In the motion to dismiss the defendants argue the legislature may have created the sales tax reduction for trade-ins in order to generally encourage trade-ins, maximize administrative efficiencies involved with such transactions, or encourage the use of a single buyer/seller for specified products. (Mot. Dismiss at 11.)

Ferguson has filed a response to the motion to dismiss. With respect to the question of sovereign immunity, he asserts that he made an error in designating the Maine Revenue Service as the defendant and notes that he served the summons on the commissioner of the Maine Revenue Service and the Attorney General. He seeks to amend the complaint (Docket No. 12) to name Rebecca M. Wyke, Commissioner of the Maine Revenue Service as the sole defendant. With respect to the defendant's second

argument, Ferguson argues that the 36 M.R.S.A. § 1765 provision is not a tax, but is rather a tax credit, thus not subject to the Federal Tax Injunction Act.

Vis-à-vis the defendant's argument that his complaint does not state a claim, Ferguson argues that the Fourteenth Amendment protects against discriminatory state action infringing his right to acquire, own, and dispose of property.  (Opp'n Mot. Dismiss at 3.)  He defines two classes: Those who "trade-in" and those who buy and sell in separate transactions. (Id. at 4.)  He contends that there "can hardly be a legitimate reason for a discriminatory tax credit."  (Id. at 5.)

I am satisfied that this complaint does not state either an equal protection claim or a due process claim under the Fourteenth Amendment.  The difference in taxation schemes for an individual who trades a used car into a dealer when purchasing a new car and one who simply sells a used car privately is a rational differentiation between two individuals who are not similarly situated.  The reasons suggested by the State are plausible and Ferguson has certainly failed to negate those reasons in his response.  The taxation scheme does not infringe upon plaintiff's right to own, acquire or dispose of property, but merely impacts his ability to obtain a taxation benefit in certain situations.  Because I am satisfied that the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), I see no need to reach the issues raised by the State's other two arguments.  Even if plaintiff were given leave to amend his complaint to name the commissioner and clarify that he sought only injunctive relief, thus avoiding the sovereign immunity issue, it would not change the landscape of the Fourteenth Amendment claim.

*Conclusion*

For the reasons stated above I recommend that the court **GRANT** the motion to dismiss.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 1, 2006                /s/ Margaret J. Kravchuk
                           U.S. Magistrate Judge